| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Howard Kollitz (State Bar No. 059611)<br>Zev Shechtman (State Bar No. 266280)<br>DANNING, GILL, DIAMOMD & KOLLITZ, LLP<br>2029 Century Park East, Third Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-0077<br>Facsimile: (310) 277-5735<br><br>*Attorney for Plaintiff*  Richard K. Diamond, as Chapter 7 Trustee | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: RAUL M. CONTRERAS aka RAUL MIRANDA CONTRERAS aka RAUL CONTRERAS MIRANDA<br><br>Debtor. | CHAPTER 7<br><br>CASE NUMBER  2:09-bk-31605-VK<br><br>ADVERSARY NUMBER  10 - 3455 VK |
| RICHARD K. DIAMOND, as Chapter 7 Trustee,<br><br>vs.                                    Plaintiff(s),<br><br>Raul M. Contreras,<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by ____1-28-11____ , the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| | | | |
|---|---|---|---|
| **Hearing Date:** 3-3-11 | **Time:** 9:00am | **Courtroom:** 1645 | **Floor:** 16 |

| | |
|---|---|
| [x] 255 East Temple Street, Los Angeles | ☐ 411 West Fourth Street, Santa Ana |
| ☐ 21041 Burbank Boulevard, Woodland Hills | ☐ 1415 State Street, Santa Barbara |
| ☐ 3420 Twelfth Street, Riverside | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: ____1-29-11____

KATHLEEN J. CAMPBELL
Clerk of Court

By:_____
Deputy Clerk

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010 (COA-SA)*

F 7004-1
F70041

Summons and Notice of Status Conference Page 2

**F 7004-1**

| In re | CASE NO.: 2:09-bk-31605-VK |
|---|---|
| (SHORT TITLE)<br>RAUL M. CONTRERAS aka RAUL MIRANDA CONTRERAS aka RAUL<br>CONTRERAS MIRANDA                                    Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: DANNING, GILL, DIAMOND & KOLLITZ, LLP, 2029 CENTURY PARK EAST - THIRD FLOOR, LOS ANGELES, CA 90067

A true and correct copy of the foregoing document described as  SUMMONS AND NOTICE OF STATUS CONFERENCE; COMPLAINT; STATUS CONFERENCE INSTRUCTIONS OF BANKRUPTCY JUDGE RICHARD M. NEITER  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On JANUARY 3, 2010  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

[X] Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On JANUARY 3, 2010  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[X] Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[ ] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| JANUARY 3, 2010 | GLORIA E. RAMOS | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010 (COA-SA)*

**F 7004-1**

| In Re:<br>RAUL M. CONTRERAS aka RAUL MIRANDA CONTRERAS aka RAUL<br>CONTRERAS MIRANDA | CASE NUMBER:<br>2:09-bk-31605-VK |
| --- | --- |

Adversary No:  10-3455-VK

## I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Richard K Diamond (TR)     jlv@dgdk.com, rdiamond@ecf.epiqsystems.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.govU.S.

## II.   SERVED BY U.S. MAIL

**Defendant/Debtor**
Raul M Contreras
1108 Glenview Rd.
West Covina, CA 91791

The Hon.Richard Neiter
U.S. Bankruptcy Court
255 E. Temple St., Suite 1652
Los Angeles, CA  90012

BK-9000

STATUS CONFERENCE INSTRUCTIONS OF
BANKRUPTCY JUDGE RICHARD M. NEITER
Courtroom 1645

1.    A copy of these instructions <u>must</u> be attached to the copy of the complaint served upon each party, and the <u>proof of service must state that these instructions, as well as a copy of the summons and complaint, was served.</u>

2.    If the proceeding involves money or property exceeding $10,000 or if the plaintiff believes trial time will be four (4) hours or more, plaintiff must serve, with the summons and complaint, a notice in compliance with <u>Local Bankruptcy Rule 7026-1</u>. Plaintiff must also file proof of service of the notice with proof of service of the summons and complaint.

3.    If <u>Local Bankruptcy Rule 7026-1</u> applies, counsel for the parties **MUST TIMELY MEET TO DISCUSS SETTLEMENT AND TO EXCHANGE DOCUMENTS, OTHER EVIDENCE AND LISTS OF WITNESSES AND PRELIMINARY DISCOVERY SCHEDULES AS PROVIDED IN THE RULE.**

4.    Pursuant to <u>Local Bankruptcy Rule 7016-1(a)(2)</u>, all parties <u>must</u> file a Joint Status Report at least fourteen (14) days before the date set for each status conference. The initial Joint Status Report should be in a form attached hereto as Exhibit A, *i.e.*, Local Form 7016-1.1. Failure to file such a Joint Status Report may result in the imposition of monetary sanctions and/or the status conference being continued and parties being ordered to redo the status report to conform to Exhibit A. If cooperation in the filing of a Joint Status Report cannot reasonably be obtained, each appearing party must file a Unilateral Status Report and Declaration which complies with <u>Local Bankruptcy Rule 7016-1(a)(2)</u> and is filed within ten (10) days of the date set for each conference.

5.    If a response to the complaint is not timely filed:

A.    The plaintiff should promptly file a request for entry of default by the clerk. The plaintiff should also move for an entry of a default judgment by filing and serving (if necessary) an appropriate motion; see <u>Fed. R. Bankr. P. 7055</u> and <u>Local Bankruptcy Rule 9021-1(d)</u>;

<u>AND</u>

B.    No later than ten (10) days prior to the status conference, each appearing party <u>must</u> also file a Unilateral Status Report (completing Sections A-E of Exhibit A attached hereto) as required by <u>Local Bankruptcy Rule 7016-1(a)(2)</u>.

6.    If the parties dispute whether the adversary proceeding is "core" within the meaning of 28 U.S.C. § 157(b), they must file points and authorities in support of their positions. Any party who contends that the proceeding is "non-core" must file and serve a memorandum of points and authorities and evidence in support of his/her/its position no less than fourteen (14) days before the status conference. Any response must be filed at least seven (7) days before the status conference. If a party does not timely file and serve his/her/its papers, that failure may be deemed a consent to whatever determination the Court makes.

7.  Any party claiming a right to trial by jury must make a timely demand as set forth in Local Bankruptcy Rule 9015-2. If the parties dispute whether a party has a right to a jury trial, they must file points and authorities in support of their positions. Any party who contends that he/she/it has a right to a jury trial must file and serve a memorandum of points and authorities and evidence in support of his/her/its position no less than fourteen (14) days before the status conference . Any response must be filed at least seven (7) days before the status conference. If a party does not timely file and serve his/her/its pleadings, that failure may be deemed a consent to whatever determination the Court makes.

8.  **Counsel for each party and any party who does not have counsel must appear in person at the first status conference.** With respect to subsequent status conferences, counsel for each party and any party who does not have counsel may appear by telephone if they make timely arrangements to do so in accordance with the Court's telephonic appearance procedures, which can be accessed by clicking "Information" on the upper left-hand corner of the Court's website at www.cacb.uscourts.gov. If a party has questions about these procedures or cannot locate them on the Court's website, the party may contact Phyllis Jones, the judge's Courtroom Deputy, at (213) 894-5860.

9.  Unless otherwise ordered by the Court, within seven (7) court days after the initial status conference, the plaintiff must submit a Scheduling Order which complies with Local Bankruptcy Rule 7016-1(a)(3).

10. Failure to comply with these instructions may subject the responsible party to sanctions as may be warranted under the circumstances or allowed under Local Bankruptcy Rule 7016-1(f).

11. Failure of counsel for any party to appear at a status conference may be considered an abandonment or failure to prosecute or defend diligently and may result in dismissal of the proceeding or judgment entered against the defaulting party without further hearing, or such other sanctions as may be warranted under the circumstances or allowed under Local Bankruptcy Rule 7016-1(g).

(Released March 5, 2007)

1  HOWARD KOLLITZ (State Bar No. 059611)
   hkollitz@dgdk.com
2  ZEV SHECHTMAN (State Bar No. 266280)
   zshechtman@dgdk.com
3  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   2029 Century Park East, Third Floor
4  Los Angeles, California 90067-2904
   Telephone: (310) 277-0077
5  Facsimile: (310) 277-5735

6  Attorneys for Plaintiff, Richard K. Diamond,
   as Chapter 7 Trustee

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                 LOS ANGELES DIVISION

11  In re                                    )  Case No. 2:09-bk-31605-VK
                                             )
12  RAUL M. CONTRERAS aka RAUL MIRANDA       )  Chapter 7
    CONTRERAS aka RAUL CONTRERAS             )
13  MIRANDA,                                 )
                                             )
14            Debtor.                        )
                                             )
15  ─────────────────────────────────────   )
                                             )
    RICHARD K. DIAMOND, as Chapter 7 Trustee, )  Adv. No.
16                                           )
           Plaintiff,                        )  **COMPLAINT: (1) FOR ORDER**
17                                           )  **DENYING DISCHARGE OF DEBTOR**
         vs.                                 )  **UNDER 11 U.S.C. § 727(a)(2)(B); (2) FOR**
18                                           )  **ORDER DENYING DISCHARGE OF**
    RAUL M. CONTRERAS,                       )  **DEBTOR UNDER 11 U.S.C.**
19                                           )  **§ 727(a)(6)(A); (3) FOR TURNOVER OF**
           Defendant.                        )  **PROPERTY OF THE ESTATE; (4)**
20                                           )  **OBJECTING TO DEBTOR'S**
                                             )  **EXEMPTION CLAIM; AND (5) FOR**
21                                           )  **SURCHARGE OF DEBTOR'S**
                                             )  **EXEMPTION CLAIM**
22                                           )
                                             )  Date:  SEE SUMMONS
23                                           )  Time:  SEE SUMMONS
    ─────────────────────────────────────   )  Ctrm:  SEE SUMMONS
24

25  Plaintiff alleges:

26                 **JURISDICTION AND VENUE**

27      1.    This Bankruptcy Court has jurisdiction over this adversary proceeding ("this

28  Proceeding") pursuant to 28 U.S.C. §§ 1334(b) and 157(b). This Proceeding is a core proceeding

                                    -1-

363570.1 [XP]    0931605A

1   pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (E), (I), (J), and (O).  This Proceeding is brought

2   pursuant to 11 U.S.C. §§ 727, 522, 541, 542 and 543 as well as in accordance with Federal Rules of

3   Bankruptcy Procedure 4003, 4004, 7001(1) and (4) and other applicable law.  This proceeding

4   arises in and relates to the pending Bankruptcy Case under Chapter 7 of *In re Raul M. Contreras*,

5   Case No. 2:10-bk-31605-VK, presently pending before the United States Bankruptcy Court for the

6   Central District of California, Los Angeles Division.

7                                        **GENERAL ALLEGATIONS**

8        2.       On or about August 14, 2009 (the "Petition Date"), Raul M. Contreras (the

9   "Debtor") filed a voluntary petition for relief under Chapter 13, Title 11 of the United States Code

10  (the "Bankruptcy Code").

11       3.       Nancy K. Curry was subsequently appointed as the Chapter 13 trustee (the "Chapter

12  13 Trustee") for the Debtor's Bankruptcy Estate.

13       4.       On his Schedule C – Property Claimed as Exempt, filed with his amended voluntary

14  Chapter 13 petition on August 26, 2009, the Debtor claimed a $134,272.87 exemption (the

15  "Exemption Claim") in real property described as 1108 S. Glenview Road, West Covina, CA 91791

16  (the "Glenview Property").

17       5.       On his Schedule B – Personal Property, filed with his amended voluntary Chapter

18  13 petition on August 26, 2009, the debtor scheduled, without limitation, automobiles described as

19  a 2008 Chrysler Sebring and a 2007 Honda Civic with an aggregate value of $23,000 (the

20  "Automobiles").

21       6.       Plaintiff is informed and believes and, based thereon, alleges that the aggregate

22  nonexempt value of the Automobiles is approximately $25,900.

23       7.       On February 3, 2010, the Court entered an Order confirming the Debtor's Chapter

24  13 Plan.

25       8.       Plaintiff is informed and believes and, based thereon, alleges that while the Debtor's

26  Bankruptcy Case was pending under Chapter 13, on or about February 18, 2010, the Debtor sold

27  certain real property commonly known as 11669 Sherman Way, North Hollywood, CA 91605 (the

28  "Sherman Property").

-2-

363570.1 [XP]        0931605A

1      9.    Plaintiff is informed and believes and, based thereon, alleges that, contrary to his

2 Chapter 13 Plan confirmed by the Court, the Debtor failed to pay certain unsecured claims against

3 the Debtor's Estate through the escrow for the Sherman Property.

4      10.    Plaintiff is informed and believes and, based thereon, alleges that while the Debtor's

5 Bankruptcy Case was pending under Chapter 13, the Debtor failed to remit the proceeds of a sale of

6 the Sherman Property to the Chapter 13 Trustee.

7      11.    Plaintiff is informed and believes and, based thereon, alleges that because the

8 Debtor failed to remit the proceeds of the sale of the Sherman Property to the Chapter 13 Trustee,

9 on April 13, 2010, the Chapter 13 Trustee moved to dismiss the Chapter 13 Case.

10      12.    On July 21, 2010, the Court entered an Order converting the Debtor's Case to one

11 under Chapter 7 of the Bankruptcy Code.

12      13.    Richard K. Diamond was subsequently appointed as the Chapter 7 trustee (the

13 "Trustee" or "Plaintiff") for the Debtor's Bankruptcy Estate and continues to serve in that capacity

14 for the benefit of the Debtor's Estate and its creditors. Plaintiff files and prosecutes this Complaint

15 solely in his representative capacity as the Trustee.

16      14.    On or about December 10, 2010, the Trustee sent the Debtor a demand letter

17 requiring turnover and accounting of the proceeds of the sale of the Sherman Property and a

18 turnover of the Automobiles, or the value thereof.

19      15.    The Debtor has not turned over or accounted for the proceeds of the sale of the

20 Sherman Property.

21      16.    The Debtor has not turned over the Automobiles, or the value thereof.

22                               **FIRST CLAIM FOR RELIEF**

23      **[For Denial of Discharge under 11 U.S.C. § 727(a)(2)(B) as Against the Debtor]**

24      17.    Plaintiff refers to and, by this reference, fully incorporates herein each and all of the

25 allegations set forth in Paragraphs 1 through 16, inclusive, of this Complaint.

26      18.    Plaintiff is informed and believes and, based thereon, alleges that the Debtor, with

27 intent to hinder, delay, or defraud creditors as well as the Chapter 13 Trustee, and the Trustee, as an

28 officer of the Estate charged with custody of property of the Estate, transferred, removed or

1  concealed, or permitted to be transferred, removed or concealed, property of the Estate, after the

2  Petition Date by failing to turn over the Sherman Property proceeds to the Chapter 13 Trustee, by

3  failing to pay all general unsecured creditors as required under the Debtor's Chapter 13 Plan and/or

4  by failing to turn over the Sherman Property proceeds to the Trustee.

5      19.    By reason of the Debtor's transfer, removal or concealment or permitting the

6  transfer, removal or concealment of property of the Estate, an Order should be entered denying the

7  Debtor's discharge under 11 U.S.C. § 727(a)(2)(B) and other applicable law.

8  <center>**SECOND CLAIM FOR RELIEF**</center>

9  <center>**[For Denial of Discharge under 11 U.S.C. § 727(a)(6)(A) as Against the Debtor]**</center>

10     20.    Plaintiff refers to and, by this reference, fully incorporates herein each and all of the

11 allegations set forth in Paragraphs 1 through 19, inclusive, of this Complaint.

12     21.    Plaintiff is informed and believes and, based thereon, alleges that by failing to pay

13 all of the Debtor's creditors under the Chapter 13 Plan, the Debtor has refused, in this Case, to obey

14 the Court's Order confirming the Debtor's Chapter 13 plan.

15     22.    By reason of the Debtor's refusal to obey an Order of this Court, an Order should be

16 entered denying the Debtor's discharge under 11 U.S.C. § 727(a)(6)(A) and other applicable law.

17 <center>**THIRD CLAIM FOR RELIEF**</center>

18 <center>**[For Turnover under 11 U.S.C. § 542 as Against the Debtor]**</center>

19     23.    Plaintiff refers to and, by this reference, fully incorporates herein each and all of the

20 allegations set forth in Paragraphs 1 through 22, inclusive, of this Complaint.

21     24.    Plaintiff is informed and believes, and based thereon alleges, that the proceeds of the

22 sale of the Sherman Property and the Automobiles, or the value thereof, are property of the Estate

23 which can be used or sold by the Trustee.

24     25.    Plaintiff is informed and believes and, based thereon, alleges that pursuant to 11

25 U.S.C. § 542, and other applicable laws, the Trustee is entitled to an Order directing the Debtor

26 immediately to turn over to the Trustee and/or account to the Trustee  for the Sherman Property

27 sale proceeds, and/or to turn over the Automobiles, or the value thereof, to the Trustee.

28 ///

<center>-4-</center>

363570.1 [XP]        0931605A

## FOURTH CLAIM FOR RELIEF

### [Objecting to the Debtor's Exemption Claim]

26.    Plaintiff refers to and, by this reference, fully incorporates herein each and all of the allegations set forth in Paragraphs 1 through 25, inclusive, of this Complaint.

27.    Plaintiff is informed and believes and, based thereon, alleges that on August 26, 2009, the Debtor filed his Exemption Claim asserting $135,272.87 of equity in the Glenview Property to be exempt.

28.    Because of the prejudice to the Estate caused by the Debtor's failure to pay his creditors in full under his Chapter 13 Plan and/or his failure to comply with an Order of this Court confirming such Chapter 13 Plan and/or his failure to turn over and account for property of the Estate, any claim of exemption in the Glenview Property should be disallowed pursuant to 11 U.S.C. § 522, Federal Rule of Bankruptcy Procedure 4003 and other applicable law.

## FIFTH CLAIM FOR RELIEF

### [For Surcharge of the Debtor's Exemption Claim]

29.    Plaintiff refers to and, by this reference, fully incorporates herein each and all of the allegations set forth in Paragraphs 1 through 28, inclusive, of this Complaint.

30.    As a result of the Debtor's failure to turn over property of the Estate consisting of the Sherman Property sale proceeds and/or the Automobiles or the value thereof, to the Trustee, the Trustee has been forced to take legal action, including the commencement and prosecution of this Adversary Proceeding.  In order to avoid undue prejudice to the Estate's creditors, the amount of the Debtors' claim of exemption in the Glenview Property should be surcharged in the amount of the professional fees and costs incurred in pursuit of turnover of said property of the Estate, in an exact amount according to proof.

///

///

///

///

///

363570.1 [XP]        0931605A

**WHEREFORE**, the Trustee prays for relief against the Debtor as follows:

**ON THE FIRST CLAIM FOR RELIEF:**

1.    For an Order denying the discharge of the Debtor under 11 U.S.C. § 727(a)(2)(B).

**ON THE SECOND CLAIM FOR RELIEF:**

2.    For an Order denying the discharge of the Debtor under 11 U.S.C. § 727(a)(6)(A).

**ON THE THIRD CLAIM FOR RELIEF:**

3.    For an Order directing the Debtor to turn over to the Trustee and provide an accounting of the Sherman Property sale proceeds as well as an Order directing the Debtor to turn over the Automobiles, or the value thereof.

**ON THE FOURTH CLAIM FOR RELIEF:**

4.    For an Order disallowing the Debtor's Exemption Claim with respect to the Glenview Property.

**ON THE FIFTH CLAIM FOR RELIEF:**

5.    For an Order surcharging the Debtor's Exemption Claim with respect to the Glenview Property in an amount equal to the professional fees and costs incurred in pursuit of turnover, in an exact amount according to proof.

**ON ALL CLAIMS FOR RELIEF, AND EACH OF THEM:**

6.    For the Plaintiff's costs incurred herein;

7.    For the Plaintiff's reasonable attorneys' fees incurred herein; and,

8.    For such other and further relief as may be determined to be just and proper.

Dated: December 28, 2010                    DANNING, GILL, DIAMOND & KOLLITZ, LLP


By: _____
    Zev Shechtman
    Attorneys for Plaintiff, Richard K.
    Diamond, as Chapter 7 Trustee

-6-

## Open Adversary Case

### U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from Shechtman, Zev entered on 12/28/2010 at 5:33 PM PST and filed on 12/28/2010

| | |
|---|---|
| **Case Name:** | DIAMOND v. Contreras |
| **Case Number:** | 2:10-ap-03455-VK |
| **Document Number:** | 1 |
| **Case Name:** | Raul M Contreras |
| **Case Number:** | 2:09-bk-31605-VK |
| **Document Number:** | 101 |

**Docket Text:**
Adversary case 2:10-ap-03455. Complaint by RICHARD K DIAMOND against Raul M Contreras. (Charge To Estate). *Complaint: (1) For Order Denying Discharge of Debtor Under 11 U.S.C. § 727(a) (2)(B); (2) For Order Denying Discharge of Debtor Under 11 U.S.C. § 727(a)(6)(A); (3) For Turnover of Property of The Estate; (4) Objecting to Debtor's Exemption Claim; and (5) For Surcharge of Debtor's Exemption Claim* Nature of Suit: (41 (Objection / revocation of discharge - 727(c),(d),(e))),(11 (Recovery of money/property - 542 turnover of property)) (Shechtman, Zev)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** I:\ScanJobs\GER\contreras adv complaint.PDF
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=12/28/2010] [FileNumber=41269724 -0] [2faabc4ccce1fca7ece4509c819f7900302aa31e0e752e63a785bcbc7724b24ff 8da3857b7230d20832a4de3f004fa55b99a0d52eef8c0ea7796112fd2a9eb19]]
**Document description:** Main Document
**Original filename:** I:\ScanJobs\GER\contreras adv complaint.PDF
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=12/28/2010] [FileNumber=41269725 -0] [325e8640e0d5f4acce7177b597ee446f52b4507bf01f00acf13a4d5ea070d0e8b cebea391c6cab29d2301f05a795de4f5ea54cc034732798e88824b2a0799054]]

**2:10-ap-03455-VK Notice will be electronically mailed to:**

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

**2:10-ap-03455-VK Notice will not be electronically mailed to:**

Raul M Contreras
,

RICHARD K DIAMOND
2029 Century Park East, Third Floor
Los Angeles, CA 90067

**2:09-bk-31605-VK Notice will be electronically mailed to:**

Nancy K Curry on behalf of Trustee Nancy Curry (TR)
ecfnc@trustee13.com

Richard K Diamond (TR)
jlv@dgdk.com, rdiamond@ecf.epiqsystems.com

Sylvia Ho on behalf of Debtor Raul Contreras
SylviaHo@TilemLaw.com,
malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com

Sheryl K Ith on behalf of Creditor Chrysler Financial Services Americas LLC
sith@cookseylaw.com

Joe M Lozano on behalf of Creditor American Home Mortgage Servicing, Inc.
notice@NBSDefaultServices.com

Thomas R Mulally on behalf of Creditor Courtesy NEF
tom@ssmlaw.com, tom@ssmlaw.com

Ramesh Singh on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

David A Tilem on behalf of Debtor Raul Contreras
davidtilem@tilemlaw.com,
malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

**2:09-bk-31605-VK Notice will not be electronically mailed to:**

D&D Dreamers, Inc.
1455 Cascade Canyon Dr
Granada Hills, CA 91344

Ulises Duran
1455 Cascade Canyon Dr
Granada Hills, CA 91344

LVNV Funding LLC
c/o Resurgent Capital Services
P.O. Box 10587
Greenville, SC 29603-0587